UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JESSICA L. RODGERS and VICTOR H. BAKER, <br><br>    Plaintiffs, <br><br> v. <br><br> CARMAX AUTO SUPERSTORES, INC., <br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO.: 5:23-cv-00003-XR |

## CARMAX AUTO SUPERSTORES, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CARMAX AUTO SUPERSTORES, INC. ("CarMax" or "Defendant") files this its Original Answer and Affirmative Defenses to Plaintiffs' Original Petition.

### DISCOVERY LEVEL

1. Plaintiff[sic] intends to conduct discovery under Level 2 per Tex. R. Civ. P. 109.3

**RESPONSE:** The allegations of Paragraph 1 are Plaintiffs' description of the discovery level under the Texas Rules of Civil Procedure and do not require a response; if a response is required, these allegations have been mooted by the removal of this action to federal court.

### STATEMENT OF CLAIM

2. Per Tex. R. Civ. P. 47, Plaintiff[sic] seeks monetary relief of $250,000 or less and non-monetary relief and demands a judgment for all the other relief to which the party is entitled.

**RESPONSE:** The allegations of Paragraph 2 are Plaintiffs' request for monetary relief and non-monetary relief, no response is required; if a response is required, denied.

## JURISDICTION AND VENUE

3.      This Honorable Court has jurisdiction of Plaintiff's[sic] damages are in excess of this Court's jurisdictional threshold.

**RESPONSE:**  The allegations of Paragraph 3 are Plaintiffs' jurisdiction allegations and do not require a response; if a response is required, CarMax does not challenge this Court's jurisdiction.

4.      Venue is proper in Bexar County as all or a substantial portion of the acts and omission giving rise to Plaintiff's[sic] claims occurred here.

**RESPONSE:**  The allegations of Paragraph 4 are Plaintiffs' venue allegations and do not require a response; if a response is required, CarMax does not challenge venue.

## PARTIES

5.      Plaintiff, Jessica L. Rodgers, is a natural person

**RESPONSE:**  As to the allegations of Paragraph 5, it is presumed that Plaintiff, Jessica L. Rodgers is a natural person.

6.      Plaintiff, Victor H. Baker, is a natural person.

**RESPONSE:**  As to the allegations of Paragraph 6, it is presumed that Plaintiff, Victor H. Baker is a natural person.

7.      Defendant CarMax Auto Superstores, inc., is a Virginia corporation, whose mailing address is 11880 IH 35 North, San Antonio, Texas.  CarMax may be served via Corporation Service Company, its registered agent, at 211 E. 7th St Suite 620 Austin, Texas 78701.

**RESPONSE:**  The allegations of Paragraph 7 are admitted. As to the allegations of the first sentence of Paragraph 7, CarMax admits it is a Virginia corporation; the remaining allegations are denied.  The allegations of the second sentence of Paragraph 7 are admitted

8. This CarMax location was issued General Distinguishing Number P36770 by the Texas Department of Motor Vehicles.

**RESPONSE:** The allegations of Paragraph 8 are admitted.

## FACTS

9. On or about March 16, 2022, Rodger[sic] and Baker went to CarMax to purchase a car for their personal and household use.

**RESPONSE:** As to the allegations of Paragraph 9, it is admitted that Rodgers and Baker purchased a vehicle from CarMax on March 16, 2022. As to the remaining allegations of Paragraph 9, CarMax is without sufficient information to form a belief about the truth or falsity of the remainder of the allegations in Paragraph 9, and therefore denies same.

10. Going to a national car dealer, Rodger[sic] and Baker expected a normal car transaction.

**RESPONSE:** CarMax is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 10, and therefore denies same.

11. The did not expect to get cheated or taken advantage of.

**RESPONSE:** CarMax is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 11, and therefore denies same.

12. Shortly after they purchased the car, they paid it off.

**RESPONSE:** CarMax is not the lienholder and is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 12, and therefore denies same.

13. They expected to receive the title shortly after the payoff.

**RESPONSE:** CarMax is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 13, and therefore denies same.

14. The applied for a title with Bexar County Tax Assessor-Collector.

**RESPONSE:** CarMax is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 14, and therefore denies same.

15. In a letter dated June 13, 2022 Plaintiff[sic] were informed that their application had been rejected by the Texas Department of Motor Vehicles because "a superseded title was surrendered."

**RESPONSE:** CarMax is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 15, and therefore denies same

16. They called CarMax repeatedly and were give[sic] a number of excused, but no title.

**RESPONSE:** The allegations of Paragraph 16 are denied.

17. Apparently, this is business as usual for the CarMax location:

**RESPONSE:** The allegations of Paragraph 17 are denied.

## CAUSES OF ACTION

*Breach of Warranty of Title*

18. Plaintiff[sic] reasserts and alleges the above paragraphs as though full stated herein.

**RESPONSE:** Defendant incorporates its responses to Paragraphs 1 through 17 as if fully set forth herein as its response to the allegations contained in Paragraph 18.

19. When a motor vehicle is sold the seller warrants that they have title.

**RESPONSE:** The allegations of Paragraph 19 are a legal conclusion and, therefore, no response is required.

20. "[I]t was the intent of the legislature" that an innocent purchaser for value who deraigns title through a regular chain of transfers under the original certificate of title and who

takes possession of the vehicle should prevail against a purchaser who deraigns title under a certified copy of the original certificate."

**RESPONSE:** The allegations of Paragraph 20 are a recitation of a portion of the 1983 opinion issued in *Saenz Motors v. Big H Auto Auction, Inc.* and no response is required. To the extent a response is required, the court opinion speaks for itself.

21. Plaintiffs relied on Defendant's representations. Namely that:

    a. Defendant had the ability to apply for title & registration:

    b. There were no prior existing liens on the vehicle; and

    c. That Defendant had certified all of these representations under penalty of a third-degree felony

**RESPONSE:** CarMax is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 21, and therefore denies same.

22. However, Defendant's representations were false, it did not have title and Defendant had no right to transfer title

**RESPONSE:** The allegations of Paragraph 22 are denied.

23. Defendant breach of its warranty of title.

**RESPONSE:** The allegations of Paragraph 23 are denied.

24. Defendant's breach caused Plaintiffs damages.

**RESPONSE:** The allegations of Paragraph 24 are denied.

***Violations of the Deceptive Trade Practices Act Against CarMax Auto Superstores, Inc.***

25. Plaintiff reasserts and realleges the above paragraphs as though fully stated herein.

**RESPONSE:** Defendant incorporates its responses to Paragraphs 1 through 24 as if fully set forth herein as its response to the allegations contained in Paragraph 25.

26. Plaintiffs are DTPA consumers.

**RESPONSE:** CarMax is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 26, and therefore denies same.

27. CarMax is a DTPA defendant.

**RESPONSE:** The allegation of Paragraph 27 is a legal conclusion, and no response is required. To the extent a response is required, the allegations are denied.

28. CarMax represented to Plaintiffs that it had the authority to sell them vehicle.

**RESPONSE:** The allegations of Paragraph 28 are admitted.

29. CarMax made this representation when it did not possess the title to the vehicle.

**RESPONSE:** The allegations of Paragraph 29 are denied.

30. This was a false representation.

**RESPONSE:** The allegations of Paragraph 30 are denied.

31. As the title evidences ownership, this was a material representation.

**RESPONSE:** The allegation of Paragraph 31 is a legal conclusion and no response is required. To the extent a response is required, the allegation is denied.

32. This was a breach of CarMax's implied warranty that it has title to the vehicle it was selling.

**RESPONSE:** The allegations of Paragraph 32 are denied.

33. By making this representation CarMax:

   a. Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not in violation of Tex. Bus. & Com. Code § 17.46(b)(5);

    b. Represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are another in violation of the Tex. Bus. & Com. Code § 17.46(b)(7);

    c. Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law in violation of Tex. Bus. & Com Code § 17.46(b)(13); and

    d. Failed to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of Tex. Bus. & Com. Code § 17.46(b)(24).

**RESPONSE:** The allegations of Paragraph 33 are denied.

***Fraud Against CarMax Auto Superstores, Inc.***

34. Plaintiff reasserts and realleges the above paragraphs as though fully stated herein.

**RESPONSE:** Defendant incorporates its responses to Paragraphs 1 through 33 as if fully set forth herein as its response to the allegations contained in Paragraph 34.

35. In Texas, to prove common law fraud, a claimant must prove:

    1. The defendant made a material misrepresentation that was false;

    2. When the representation was made, the defendant knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion. *Stockdick Land Co. v. Deutsche Bank Nat'l Trust Co.,* 2019 Tex. App. 11035 (Tex.App. Houston 2019).

**RESPONSE:** The allegations of Paragraph 35 are denied.

36. As a cardealership, CarMax is familiar with the laws that govern vehicle ownership and transfer of title, and they know the title status of the vehicles in their inventory.

**RESPONSE:** The allegations of Paragraph 36 are admitted.

37. When it sold the vehicle to Plaintiffs, CarMax knew it did not have the title to the vehicle.

**RESPONSE:** The allegations of Paragraph 37 are denied.

38. CarMax acted with fraudulent intent in selling Plaintiffs the vehicle it did not have the title to.

**RESPONSE:** The allegations of Paragraph 38 are denied.

***Negligence Against CarMax Auto Superstores, Inc.***

39. Negligence is the "failure to do what a reasonable person would have ordinarily done under the circumstances of the situation, or doing what such person under the existing circumstances would not have done." McDonald P. International & G.N.R. Co., 86 Tex. 1, 22 S.W. 939 (Tex. 1893).

**RESPONSE:** The allegations of Paragraph 39 are a recitation of a portion of the 1893 opinion issued in *McDonald v. International G.N.R. Co.* and no response is required. To the extent a response is required, the court opinion speaks for itself.

40. Negligence is the "failure to do what a reasonable person would have ordinarily done under the circumstances of the situation, or doing what such person under the existing circumstances would not have done." *McDonald v. International & G.N.R. Co.,* 86 Tex. 1, 22 S.W. 939 (Tex. 1893).

**RESPONSE:** The allegations of Paragraph 40 are legal conclusions to which no response is required. To the extent the allegations of Paragraph 40 require a response, they are denied.

41. To prove negligence, a plaintiff must establish:

    1. Duty

    2. Breach

    3. Damages proximately caused by the breach. *Alexander v. Haliburton Energy Servs.,* 2018 Tex. App. LEXIS 5218 (Tex. App. Houston 2018).

**RESPONSE:** The allegations of Paragraph 41 are legal conclusions to which no response is required. To the extent the allegations of Paragraph 41 require a response, they are denied.

42. CarMax breached that duty when it sold the car to plaintiff without a clean title.

**RESPONSE:** The allegations of Paragraph 42 are denied.

43. The breach of this duty is the proximate cause of Plaintiffs damages. Plaintiffs do not have the legal title to drive a vehicle which they purchased.

**RESPONSE:** The allegations of Paragraph 43 are denied.

*Violation of the Texas Certificate of Title Act*

44. The Certificate of Title Act was enacted for the protection of the public. One of the purposes of the Act is to lessen and prevent the theft of motor vehicles and the importation into this State of, and traffic in, stolen motor vehicles.

**RESPONSE:** The allegations of Paragraph 44 are Plaintiff's characterization of the Texas Certificate of Title Act and no response is required. To the extent the allegations of Paragraph 44 require a response, they are denied.

45. The purpose of the statute is to prevent fraud, and the Act is to be liberally construed to achieve this end. *South Texas Bank v. Renteria,* 523 S.W. 2d 780 (Tex. Civ. App. – Corpus Christi 1975, no writ).

**RESPONSE:** The allegations of Paragraph 45 are characterizations of the Texas Certificate of Title Act and are legal conclusions which do not require a response. To the extent the allegations of Paragraph 45 require a response, they are denied.

46. The act provides a comprehensive scheme for the transfer of title of a motor vehicle, and the certificate of title is the primary and controlling evidence of ownership after a motor vehicle has been sold for the first time.

**RESPONSE:** The allegations of Paragraph 46 are legal conclusions to which no response is required. To the extent the allegations of Paragraph 46 require a response, they are denied.

47. Compliance with the Act is essential for a valid transfer of title.

**RESPONSE:** The allegations of Paragraph 47 are legal conclusions to which no response is required.

48. Here, Plaintiffs are "purchasers" as defined by Tex. Transp. Code § 501.002.

**RESPONSE:** The allegations of Paragraph 48 are legal conclusions to which no response is required.

49. Defendant is a "sellers" as defined by Tex. Transp. Code § 501.002.

**RESPONSE:** The allegations of Paragraph 49 are legal conclusions to which no response is required.

50. The vehicle that was part of the transaction is a motor vehicle as defined by Tex. Transp. Code § 501.002.

**RESPONSE:** The allegations of Paragraph 50 are legal conclusions to which no response is required.

51.     Defendant sold a vehicle to which they did not have title.  This is a violation of Tex. Transp. Code § 501.0721 in that they did not deliver, at the time of delivery, a properly assigned title as required.

**RESPONSE:**  The allegations of Paragraph 51 are denied.

52.     Plaintiffs in this case still do not have the title to this vehicle.  They do not have any more than paper license plates.

**RESPONSE:**  CarMax is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 52, and therefore denies same.

53.     Pursuant to the statute, a sale in violation of the chapter is void and title may not pass until the requirements of this chapter are satisfied. Tex. Transp. Code § 501.073.

**RESPONSE:**  The allegations of Paragraph 53 are legal conclusions to which no response is required. To the extent the allegations of Paragraph 53 require a response, they are denied.

## JURY DEMAND

54.     Plaintiffs respectfully demand a trial by jury in this matter.

**RESPONSE:**  The statement in Paragraph 54 does not require an admission or denial.

## PRAYER

Plaintiffs prays that Defendant be cited and serve and after a trial on the merits the Court award:

   a. Actual damages;
   b. Economic damages;
   c. Treble damages;
   d. Breach of warranty damages;
   e. Attorney's fees and costs; and
   f. All such other and further relief to which Plaintiffs may be entitled.

**RESPONSE:** The allegations of the final paragraph are Plaintiffs' prayer and no response is required. To the extent a response is required, the allegations of the paragraph and subparts (a) through (f) are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted, in whole or in part.

2. CarMax denies that all conditions precedent to suit have taken place. Specifically, Plaintiffs failed to make a pre-suit demand under the DTPA.

3. CarMax alleges that the damages claimed by Plaintiffs were proximately caused by the acts or omissions of parties for whose conduct CarMax is not responsible, and therefore CarMax pleads proportionate responsibility. CarMax specifically alleges the following:

    a) Plaintiffs' own fault contributed to or solely caused their damages, if any.

    b) Plaintiffs' claims are barred by their comparative negligence and/or fault.

4. CarMax asserts that Plaintiffs' tort claims sound in contract.

5. CarMax asserts that Plaintiffs have failed to mitigate their damages.

6. CarMax asserts that Plaintiffs' claims are barred by the economic loss rule.

7. CarMax asserts that Plaintiffs' Deceptive Trade Practices Act Claim is groundless in fact or law, and CarMax seeks recovery of its attorney fees pursuant to TEX. BUS. & COM. CODE §17.50(c).

8. CarMax pleads all applicable statutory or other caps or limitations on damages or damage amounts, including Chapter 41, TEX. CIV. PRAC. & REM. CODE.

9. CarMax alleges that, in as much as the Plaintiffs pray for punitive or exemplary damages, such damages are unavailable and should be denied because any award of such damages would violate the Due Process, Excessive Fines, Equal Protection, and/or other guarantees set forth

in the Fifth, Eight and Fourteenth Amendments, and other provisions of the Constitution of the United States; Article I, §19; Article I, §13; Article I, §3; and other provisions of the Constitution of the State of Texas, or any combination of these guarantees. More specifically, CarMax alleges:

a. Punitive damages are intended to punish CarMax; to the extent that such damages have been claimed, therefore, this proceeding is at least quasi-criminal in nature;

b. To the extent that the Plaintiffs' burden of proof to establish punitive damages in this proceeding is lighter than the burden of proof required by law in criminal proceedings, that or equitable, to which he may be justly entitled.

**WHEREFORE, PREMISES CONSIDERED,** CARMAX AUTO SUPERSTORE, INC. asks that this Court enter judgment that Plaintiffs take nothing by their causes of action against CarMax, and that the Court grant CarMax such other and further relief, at law or in equity, both general and special, to which it may be justly entitled.

Respectfully submitted,

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
HUSCH BLACKWELL, LLP
TBN# 24065813
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile
sabrina.neff@huschblackwell.com

ATTORNEYS FOR DEFENDANT
CARMAX AUTO SUPERSTORES, INC.

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing Original Answer and Affirmative Defenses has been served upon the following on this the 10th day of January 2023:

William M. Clanton        ***Via CM/ECF***
Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216

                                           By: */s/ Sabrina A. Neff*
                                              Sabrina A. Neff